# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DEON J. OLLISON, and
LOYDALE KIRVEN,

      Plaintiffs,

vs.                                                                                   No. CIV 18-1061 JB\KK

CURRY COUNTY DETENTION CENTER,
TRINITY FOOD GROUP, FNU GALLEGOS,
ANGELICA KELLY,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court under rule 41(b) of the Federal Rules of Civil Procedure on the Amended Complaint for Violation of Civil Rights, filed November 28, 2018 (Doc. 4)("Amended Complaint"). The Court will dismiss the Amended Complaint without prejudice for failure to comply with Court orders, rules, and statutes, and for failure to prosecute this proceeding.

## DEON OLLISON

### I. THE LAW REGARDING CONTACT WITH THE COURT AND RULE 41(B).

Pro se litigants are required to follow the Federal Rules of Civil Procedure and simple, nonburdensome local rules. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. See D.N.M. LR-Civ. 83.6. The Court may dismiss an action under rule 41(b) for failure to prosecute, to comply with the rules of civil procedure and

the local rules, or to comply with court orders.  See Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).

## II.     THE COURT DISMISSES OLLISON'S CLAIMS UNDER RULE 41(B).

At the time this case was opened, Ollison was a prisoner incarcerated at the Curry County Detention Center.  See 1983 Prisoner Civil Rights Complaint, filed November 13, 2018 (Doc. 1)("Complaint").  Ollison filed his Amended Complaint on November 28, 2018.  See Amended Complaint.  Following two Orders to cure deficiencies entered on November 15, 2018, and November 29, 2018, see Order to Cure Deficiencies, filed November 15, 2018 (Doc. 3)("First Order"); Second Order to Cure Deficiency, filed November 29, 2018 (Doc. 6), Ollison was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915 on July 25, 2019.  See Order on Pending Motions, filed July 25, 2019 (Doc. 9)("Order on Pending Motions").  Letters to Ollison, including the copy of the Order granting leave to proceed in forma pauperis, have been returned to the Court as undeliverable.  See Mail Returned as Undeliverable, filed August 6, 2019 (Doc. 10); Mail Returned as Undeliverable, filed August 19, 2019 (Doc. 12).  The Court's research establishes that Ollison was released from Curry County Detention Center on April 19, 2019.  Ollison has not provided the Court with any change of address since his release from custody and has not communicated with the Court since December 26, 2018.  See Financial Entry, filed December 26, 2018 (Doc. 7).

Ollison has not kept the Court apprised of his correct mailing address and has not maintained contact with the Court as D.N.M. LR-Civ. 83.6 requires.  Ollison has not complied with the Court's Local Rules and has failed to prosecute this action.  See Olsen v. Mapes, 333 F.3d at 1204, n.3.  The Court will dismiss Ollison's Amended Complaint, without prejudice, for failure to comply with the local rules and failure to prosecute this proceedings.  See Fed. R. Civ. P. 41(b).

## LOYDALE KIRVEN

I. **THE LAW REGARDING IN FORMA PAUPERIS PROCEEDINGS AND THE THREE STRIKES RULE UNDER 28 U.S.C. § 1915.**

A prisoner who has accrued three strikes under § 1915(g) may proceed only by prepaying the full filing fee. The only exception to the prepayment requirement in § 1915(g) applies to a prisoner who "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet that exception, a prisoner must make "specific, credible allegations of imminent danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179-80 (10th Cir. 2011). The statute's language requires that the prisoner allege an imminent danger at the time he filed his complaint. See Hafed v. Fed. Bureau of Prisons, 635 F.3d at 1179–80; Andrews v. Cervantes, 493 F.3d 1047, 1053-54 (9th Cir. 2007); Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001)(en banc); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998)(per curiam). Moreover, the imminent danger of serious physical injury must arise from the alleged actions of the named defendants in the case. See White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Absent such imminent danger, the Court must collect the filing fee from the plaintiff or authorize the plaintiff to proceed without prepayment of the fee. See 28 U.S.C. §§ 1914(a) and 1915(a). A plaintiff who accrues three strikes under § 1915(g) may proceed without prepayment of the fee only if that plaintiff makes credible allegations of imminent danger of serious physical injury. Ollin has not paid the $400.00 filing fee, submitted an application to proceed that complies with § 1915(b), or made credible allegations of imminent danger of serious physical injury.

- 3 -

## II.     THE LAW REGARDING RULE 41(B) DISMISSALS.

Pro se litigants must follow the Federal Rules of Civil Procedure, local rules, statutes, and court orders. See Bradenburg v. Beaman, 632 F.2d at 122. The Court may dismiss an action under rule 41(b) for failure to prosecute or to comply with statutes, the Federal Rules of Civil Procedure, local rules, or court orders. See Olsen v. Mapes, 333 F.3d at 1204, n.3.

## III.    THE COURT DISMISSES KIRVEN'S CLAIMS UNDER § 1915 AND RULE 41(B).

Kirven filed his handwritten Complaint on November 13, 2018. See Complaint. On November 15, 2018, the Court entered an Order to Cure Deficiency, notifying Kirven that he must pay the filing fee for this proceeding or submit an application to proceed in forma pauperis under 28 U.S.C. § 1915. See First Order at 2. The Order also reminded Kirven that he has received three strikes under 28 U.S.C. § 1915(g) and may not proceed in this Court without prepayment of fees and costs unless he is in imminent danger of serious physical injury. See First Order at 2; Loydale Kirven v. Tory Sandoval, No. CIV 14-0209 LH\RHS (D.N.M. Mar 7, 2014); 28 U.S.C. § 1915(g).

Kirven has not paid the $400.00 filing fee or submitted an application to proceed under § 1915. Instead, on January 17, 2019, Kirven filed his Motion to Allow Deficiency, arguing that he should be allowed to proceed without prepayment of fees or costs because his § 1983 civil rights claims have merit and he has, in the past, been subjected to attacks by other inmates. See Motion to Allow Deficiency at 1-2, filed January 17, 2018 (Doc. 8). Kirven stated that "[r]ecently Plaintiff filed a complaint stating these facts which are all recorded," but Kirven did not specify any of those facts or attach a copy of his alleged complaint. Motion to Allow Deficiency at 2.

On July 25, 2019, in its Order on Pending Motions, the Court denied Kirven's Motion to Allow Deficiency. See Order on Pending Motions at 1. In the Order on Pending Motions, the Court also ordered Kirven to show cause within twenty-one days why the Court should not dismiss

his Amended Complaint for failure to pay the filing fee and for failure to comply with Court orders. See Order on Pending Motions at 4. The copy of the Order on Pending Motions sent to Kirven initially was returned as undeliverable. See Mail Returned as Undeliverable, filed August 6, 2019 (Doc. 11). On August 19, 2019, however, Kirven notified the Court of a change of address, and another copy of the Order was sent to Kirven at his new address on August 27, 2019. See Notice of Change of Address, filed August 19, 2019 (Doc. 14). Kirven has not responded to the show-cause order and has not communicated further with the Court since the filing of his change of address on August 19, 2019.

Kirven has filed at least ten cases that this Court has dismissed for Kirven's failure to pay any portion of the filing fee or to comply with 28 U.S.C. § 1915's requirements. See Kirven v. Central New Mexico Correctional Facility, No. CV 08-00878 BB\ACT; Kirven v. Curry County Sheriff's Department, No. CV 12-1277 RB\CG; Kirven v. Curry County Detention Center, No. CV 14-0209 LH\RHS; Kirven v. Curry County Detention Center, No. CV 15-0080 JB\KK; Kirven v. Garret, No. CV 16-1100 JCH\KRS; Kirven v. Sgt. Garcia, No. CV 16-1333 RB\GJF; Kirven v. Maples, No. CV 16-1361 KG\LF; Kirven v. Curry County Detention Center, No. CV 19-0078 MV\JFR; and Garcia, Kirven, and Baca v. CCS Solutions, No. CV 19-0321 KG\SCY.[1]

Three strikes have been imposed against Kirven, and he may no longer proceed in forma pauperis unless he establishes that his claims come within the imminent danger exception to § 1915(g). Hafed v. Fed. Bureau of Prisons, 635 F.3d at 1179-80. Kirven has not demonstrated imminent danger and was ordered to pay the full filing fee in this case, or show cause why the case should not be dismissed under rule 41(b). See Order on Pending Motions 2-4. Kirven has not paid

---

[1] CM/ECF records indicate that Kirven has filed at least sixteen civil cases in this District, none of which has resulted in relief in his favor.

the filing fee, has not shown cause, and has not responded to the Court's July 25, 2019 Order. The Court will dismiss Kirven's Amended Complaint for failure to comply with § 1915's requirements, failure to comply with the Court's July 25, 2019 Order, and failure to prosecute this case. See Olsen v. Mapes, 333 F.3d at 1204, n.3.

**IT IS ORDERED** that the Amended Complaint for Violation of Civil Rights filed on November 28, 2018, and all claims and causes of action, are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Deon Ollison
Clovis, New Mexico

    *Plaintiff Pro Se*

Charles Kirven
Clovis, New Mexico

    *Plaintiff Pro Se*

Loydale Kirven
Clovis, New Mexico

    *Plaintiff Pro Se*

Daniel Brown
Clovis, New Mexico

    *Plaintiff Pro Se*

Victor Garcia
Clovis, New Mexico

    *Plaintiff Pro Se*

David McDaniel
Clovis, New Mexico

    *Plaintiff Pro Se*